(No. 29001.—

THE PEOPLE *ex rel.* Everett Ross, Petitioner, *v.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed January 23, 1946.*

EVERETT ROSS, *pro se.*

GEORGE F. BARRETT, Attorney General, (EDWARD WOLFE, of Chicago, of counsel,) for respondent.

Mr. JUSTICE FULTON delivered the opinion of the court:

On leave granted, Everett Ross, an inmate of the Illinois State Penitentiary, Joliet branch, filed an original petition for *habeas corpus* in this court. Joseph E. Ragen, the respondent, pursuant to the writ of *habeas corpus* issued by this court on May 24, 1945, filed his return to such writ on June 2, 1945. On June 9, 1945, respondent filed a motion to quash the writ, together with a motion to treat the motion to quash as a demurrer, to close the issues in said cause and to fix time for filing briefs. On June 11, 1945, the petitioner filed his "Petition in Rebuttal," and on June 19, 1945, an answer to the return of respondent. No further briefs have been filed by the petitioner, who appears *pro se* in this proceeding, but the respondent has filed statement, brief and argument in support of his motion to quash. The cause was submitted on the record thus made.

There appears to be no dispute as to the facts appearing in the petition and admitted by the motion to quash. Everett Ross, the petitioner, was tried in the circuit court of Rock Island county before a jury on the charge of burglary and larceny. He was found guilty as charged in the indictment, and on October 15, 1931, the trial court entered judgment on the verdict and sentenced petitioner to the Joliet State penitentiary for a term of from one year

to life or until "paroled and discharged according to provisions of the Statute in such case made and provided."

Petitioner entered the Joliet penitentiary on October 17, 1931. On June 24, 1938, he was ordered transferred to the Illinois State Penitentiary, Menard branch. On May 17, 1943, he was ordered transferred to the Illinois State Penitentiary at Joliet, the institution to which he was sentenced by the judgment of the court, and he is now in the custody of the respondent, Joseph E. Ragen, as Warden of the Illinois State Penitentiary, Joliet branch.

It is the contention of the petitioner that because he was transferred on June 24, 1938, from the penitentiary at Joliet to the Illinois State Penitentiary, Menard division, without a petition being filed in court and an order entered providing for such transfer, his constitutional rights of due process have been violated; that he is unlawfully restrained of his liberty and entitled to be discharged.

The maximum term of the petitioner under his indeterminate sentence was for life. This term could be satisfied only by actual service unless remitted by some legal authority. (*People ex rel. Ross* v. *Becker,* 382 Ill. 404; *Purdue* v. *Ragen,* 375 Ill. 98.) There are only two methods provided by law for an unsatisfied sentence to be legally remitted, (1) compliance with the conditions of a parole followed by a discharge granted by the parole authorities, approved by the Governor; and (2) by a pardon or commutation of sentence by the Governor, the power to issue which cannot be delegated. (*People ex rel. Barrett,* v. *Dixon,* 387 Ill. 420.) The failure of officials to perform their duties creates no right in a defendant to have his discharge as a beneficiary of their failure. *People ex rel. Kerner,* v. *McKinley,* 371 Ill. 190.

The petitioner relies heavily upon the case of *People ex rel. Lowe* v. *Ragen,* 387 Ill. 131, as an authority under which he is entitled to a discharge. However, it can avail him nothing in this case. In the *Lowe case,* the prisoner

was sentenced to the Illinois State Reformatory at Pontiac. While there confined, without any attempt to comply with the provisions of the statute relating to the transfer of prisoners from the reformatory to the penitentiary, he was transferred to the Illinois State Penitentiary at Joliet. Based upon the case of *People* v. *McKinley,* 371 Ill. 190, where it was held that a sentence to the penitentiary was of a severer grade or degree of punishment than a sentence to the reformatory, we held that the warden of the penitentiary was without authority to hold the prisoner at the time the petition for *habeas corpus* was filed.

In the instant case the petitioner was lawfully tried and sentenced by a court of competent jurisdiction having the power to sentence him to the penitentiary where he is presently confined for the crime of which he stands convicted. He has neither been paroled nor discharged from the service of his maximum sentence, nor has it been remitted under authority of law.

The record conclusively shows that petitioner is now in the penitentiary where he is lawfully detained by the warden. He has shown no good cause for discharge and the motion of the respondent to quash the writ of *habeas corpus* is allowed. The petitioner is remanded to the custody of the respondent warden.

*Petitioner remanded.*