(No. 39795.—

THE PEOPLE *ex rel.* Jean Edward Lehman, Appellant, *vs.* MAX P. FRYE, Warden, Appellee.

*Opinion filed September 23, 1966.*

344

Jean Edward Lehman, *pro se.*

William G. Clark, Attorney General, of Springfield, and Howard Clotfelter, State's Attorney, of Chester, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

The relator, Jean Edward Lehman, appeals directly to this court under Rule 28—1A(c) from an order of the circuit court of Randolph County quashing a writ of *habeas corpus* and remanding him to the custody of respondent, Max P. Frye, Warden of the Illinois State Penitentiary, Menard Division.

Lehman was convicted of certain felonies on November 13, 1959, and sentenced on one count to a term of six to fourteen years and on two other counts to a term of six to twenty years, the sentences to run concurrently. Extradition was requested by the State of Iowa for the purpose of trying relator for the crime of forgery in that State and it was granted by the Governor of the State of Illinois. A condition to releasing the fugitive to Iowa was contained in an agreement between the Governors of the two States by which Lehman was to be returned to the Illinois State Penitentiary at Menard at the conclusion of his Iowa trial

by the State of Iowa at its expense. He was taken from the penitentiary and delivered to the Iowa authorities as a fugitive from justice on October 8, 1965. On October 19, 1965, he was discharged by the Iowa court and on the following day was returned to the Illinois institution.

Section 5 of the Uniform Criminal Extradition Act, (Ill. Rev. Stat. 1963, chap. 60, par. 22,) provides that the Governor of this State may surrender any person charged with crime in another State upon the demand of the executive authority of that State. Section 10 of the act (par. 27) provides: "No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of the circuit court of the county wherein he is arrested * * * who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure within a reasonable time and opportunity, not less than 24 hours, legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court shall fix a reasonable time * * * for a writ of habeas corpus."

The relator was delivered over to the demanding State without having been taken before a circuit judge. He now contends that his constitutional rights were violated in that the failure to take him before a circuit judge denied him due process of law and thus Illinois waived (lost) jurisdiction of his person. It is suggested by the State that the foregoing provision should not apply to persons already in custody in the asylum State. There is, however, nothing in the act to justify such an interpretation. In fact, the language of section 7 (par. 24) making it obligatory upon the Governor to sign a warrant of arrest, if he decides that the demand should be complied with, appears to indicate a contrary intention, when coupled with section 10, which pro-

vides that any person upon whom such a warrant is served is entitled to be heard.

While the prisoner was entitled to be taken before a circuit judge under section 10, the failure to do so does not attain constitutional dimensions in connection with serving the sentence imposed by an Illinois court where the conviction and sentence is not under attack. Section 11 (par. 28) of the act makes it a misdemeanor to wilfully disobey the admonition of section 10 but does not make the violation a waiver of the right to regain and hold custody of the prisoner until his sentence shall have been completed.

In *People ex rel. Ross* v. *Ragen,* 392 Ill. 465, the prisoner was transferred to another Illinois institution without compliance with a statute providing for a petition being filed in court and a court order entered for the transfer. Later he was retransferred to the institution to which he was originally sentenced. The prisoner then sought to be discharged on the ground that his constitutional right to due process had been violated by the transfer. It was there pointed out that failure of officials to perform their duties creates no right in a defendant to be discharged. Similarly, in *People ex rel. Milburn* v. *Nierstheimer,* 401 Ill. 465, when the prisoner was illegally turned over to Federal authorities and later returned to the Illinois institution, that view was reiterated and the court again stated that an unfinished sentence can only be remitted by parole followed by a discharge, or a pardon or commutation of sentence.

*People ex rel. Barrett* v. *Bartley,* 383 Ill. 437, is inapplicable here. Section 27 of the act (par. 44) specifically provides that none of its provisions shall be deemed to constitute a waiver by this State of its right to regain custody for the purpose of trial, sentence or custody. (See *People* v. *Bryarly,* 23 Ill.2d 313.) In *Bartley* it was said that Illinois then had no statute governing temporary waiver of jurisdiction, and comment was made that there was a complete absence of any agreement for return between the Governors

of Illinois and Wisconsin. Here, there was a specific agreement to return the prisoner to Illinois whether his Iowa trial resulted in acquittal or conviction. We are in accord with the case of *State ex rel. Eberle* v. *Warden of Md. Penitentiary*, 192 Md. 731, 65 A. 2d. 291, where, in an identical situation, the Maryland court held that there was no waiver of that State's right to custody.

The assertion that the executive warrant acted as a Governor's commutation or pardon is untenable and requires no further comment.

The order of the circuit court of Randolph County quashing the writ and remanding relator to the custody of respondent is affirmed.

*Order affirmed.*