THE PEOPLE *ex rel.* Charles Harris, Appellant, *vs.* RICHARD OGILVIE, Appellee.

*Opinion filed October 28, 1966.*

LEE J. VICKMAN, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an extradition case in which appellant, Charles Harris, was arrested and detained by the sheriff of Cook County pursuant to a rendition warrant issued by the Governor of Illinois at the request of the Governor of Texas. On May 10, 1966, appellant was brought before a judge of the circuit court of Cook County, and his rights under the Illinois Uniform Criminal Extradition Act were explained to him. (Ill. Rev. Stat. 1965, chap. 60, par. 27.) At that time, appellant stated that he wished to contest his detention and that he wanted to file a petition for writ of *habeas*

*corpus* as provided by the act. He further stated to the court that he was a poor person without sufficient funds to procure counsel and requested that the court appoint counsel for him. This motion was denied, and appellant immediately filed his petition for writ of *habeas corpus pro se* and appeared in his own behalf at the hearing. At the conclusion of the hearing, the circuit court quashed the writ and remanded the appellant for extradition to Texas. The remand order has been stayed pending this appeal which is brought directly to this court pursuant to section 5 of article VI of the State constitution and Supreme Court Rule 28—1.

The sole issue raised by this case is whether an indigent person is entitled to have court-appointed counsel represent him in a *habeas corpus* proceeding brought under section 10 of the Illinois Uniform Criminal Extradition Act. That section, which deals with the rights of accused persons, is in all pertinent respects identical to section 10 of the Uniform Criminal Extradition Act. (9 ULA, Uniform Criminal Extradition Act, par. 10.) Section 10 provides in pertinent part that no person arrested pursuant to the act "shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of the circuit court of the county wherein he is arrested who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure within a reasonable time and opportunity, not less than 24 hours, legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus." Ill. Rev. Stat. 1965, chap. 60, par. 27.

There are several Federal cases which hold that a *habeas corpus* proceeding is a civil proceeding and that an indigent prisoner has no constitutional right to have counsel ap-

pointed to represent him. (See, *e.g., United States* v. *Wilkins,* (2d cir.) 281 F.2d 707, and discussion and cases cited in *Cohen* v. *Warden,* 252 F. Supp. 666.) However, these cases involved the use of *habeas corpus* as a remedy after a person's conviction had become final and did not involve a writ of *habeas corpus* brought to contest an arrest in an extradition proceeding. There are two Arizona decisions which hold that the indigent person has no right to have counsel appointed to represent him in extradition proceedings. (*Oppenheimer* v. *Boies,* 95 Ariz. 292, 389 P.2d 696; *Rugg* v. *Burr,* 1 Ariz. App. 280, 402 P.2d 28.) However, neither of the Arizona cases involve a construction of the Uniform Criminal Extradition Act with which we are here concerned. We are aware of no decisions construing section 10 of the Uniform Criminal Extradition Act which consider the question of whether an indigent person is entitled to be represented by court-appointed counsel in such a proceeding.

Appellant argues that the extradition proceeding is a critical stage in the criminal proceedings against him and that the due process and equal protection clauses of the fourteenth amendment to the United States constitution require that counsel be appointed to represent him if he is unable to afford counsel. The People, on the other hand, contend that a *habeas corpus* proceeding is a civil proceeding; that the constitutional requirements for appointment of counsel do not therefore apply; that an extradition proceeding is not a critical stage of the criminal proceedings against a person; and that the issues in an extradition case are very narrowly drawn and do not require the assistance of counsel.

Even though *habeas corpus* proceedings have been labeled "civil" in nature, the outcome of this proceeding is of extreme importance to petitioner who has allegedly been charged with a crime in the State of Texas and is presently in police custody in Illinois about to be turned over to Texas authorities.

The People contend that "the expertise of a defense counsel is not absolutely essential as in a criminal proceeding." An examination of the statute suggests that this argument is not well founded. Section 10 of the Illinois Uniform Criminal Extradition Act provides that a person who has been arrested under the act has a "right" to "demand" and "procure" counsel. It is true that no provision is made for appointment of counsel to represent indigent persons unable to secure counsel for themselves. Nevertheless, the statute clearly recognizes that the assistance of counsel in such proceedings is not only important but is a "right" of the accused person. The legislature obviously did not consider the assistance of counsel to be unimportant or nonessential.

Even though the issues in a *habeas corpus* proceeding under the Uniform Criminal Extradition Act are limited to certain questions, we think it clear that legal expertise is necessary to consider and properly raise such pertinent questions as whether the requirements of the act have been complied with, whether the various extradition papers are in proper form, whether the arrested person is in fact a fugitive from justice subject to extradition, and whether he is in fact a person charged with a crime in the demanding State. Very few persons would be able to represent themselves adequately in an extradition hearing without the advice and assistance of counsel.

We therefore hold that section 10 of the Illinois Uniform Criminal Extradition Act, which grants to persons arrested under the act the right to demand and procure counsel, requires that counsel be appointed to represent indigent persons who do not have the means to procure counsel for themselves.

In this case appellant made a timely demand for counsel and made a sufficient affidavit that he was without funds to hire a lawyer. Under these circumstances the court should have appointed counsel to represent him.

The judgment of the circuit court of Cook County is

reversed and the cause is remanded to the court for the appointment of counsel and a new hearing pursuant to section 10 of the Illinois Uniform Criminal Extradition Act.

*Reversed and remanded.*