**Ex parte Thomas Alan TURNER.**

**No. 39936.**

Court of Criminal Appeals of Texas.

Jan. 25, 1967.

Sam Houston Clinton, Jr., Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION
ON APPELLANT'S MOTION FOR
REHEARING

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Ohio as a parole violator.

The Requisition of the Governor of Ohio and supporting papers upon which the Executive Warrant of the Governor of Texas was issued reflect the following:

On May 7, 1962, Thomas Alan Turner was sentenced to the Ohio State Reforma-

tory for a period of one to fifteen years for the crime of burglary. He was paroled on February 17, 1965, and was declared a parole violator on August 6, 1965.

Appellant was received in the Texas Department of Corrections on December 30, 1965, and was scheduled for release on June 7, 1966. He declined to waive extradition. Extradition papers were prepared and on July 28, 1966, the Executive Warrant was issued.

The record clearly indicates that the appellant was indigent and that he repeatedly requested of the Court the appointment of counsel stating he was unable to represent himself. His requests were denied.

The question presented is whether an indigent person is entitled to court appointed counsel to represent him in a habeas corpus proceeding brought under Section 10 of the Texas Uniform Criminal Extradition Act (Article 51.13, Vernon's Ann.C.C.P.).

This is a case of first impression in Texas, but undoubtedly this question will be presented again and again.

Section 10 of Article 51.13, Vernon's Ann.C.C.P. is in most respects identical to Section 10 of the Uniform Criminal Extradition Act (9 ULA, Uniform Criminal Extradition Act, par. 10). Section 10 provides:

"No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.

When such a writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding State."

No express provision is made in the statute for the appointment of counsel to represent indigent persons, and there appears to be no authority for the allowance of a fee where counsel is so appointed. It should be observed, however, that in enacting the statute the Legislature obviously recognized that the assistance of counsel in such proceedings is not only important, but is a "right" of the accused person. In enacting the 1965 Code of Criminal Procedure the Texas Legislature, being acutely aware of the growing need for the right to counsel for indigent persons, re-enacted and expanded existing statutes relating to the right to counsel, and extended such right to misdemeanor cases punishable by imprisonment and to probation revocation hearings, etc. See Articles 26.04; 26.05; 15.17; 1.13; 42.12; 46.02, Sec. 8; 16.01; 28.01, V.A.C.C.P., etc.

The Texas Uniform Criminal Extradition Act, originally adopted in 1951, was brought forward as a part of the 1965 Code of Criminal Procedure with only minor changes. It does not appear that the Legislature intended that the "right" expressed in Section 10 was to be limited to those individuals who are financially able to employ counsel of their own choice. There, of course, should be no difference in our criminal procedures stemming from differences in wealth.

In People ex rel. Harris v. Ogilvie, 221 N.E.2d 265, the Supreme Court of Illinois held that Section 10 of the Illinois Uniform Criminal Extradition Act (similar in language to our Section 10, Article 51.13, V.A.C.C.P.) requires that counsel be appointed to represent indigent persons who do not have the means to procure legal counsel

for themselves. In so holding, the Illinois court said:

"Even though the issues in a habeas corpus proceeding under the Uniform Criminal Extradition Act are limited to certain questions, we think it clear that legal expertise is necessary to consider and properly raise such pertinent questions as to whether the various extradition papers are in proper form, whether the arrested person is in fact a fugitive from justice subject to extradition, and whether he is in fact a person charged with a crime in the demanding State. Very few persons would be able to represent themselves adequately in an extradition hearing without the advice and assistance of counsel."

We concur in the decision reached by the Illinois Supreme Court, and hold that Section 10 of Article 51.13, V.A.C.C.P., which grants to persons arrested under the Act the right to demand and procure counsel requires that counsel be appointed to represent indigents who do not have the means to procure counsel for themselves.

Our construction of the statute requires that appellant be granted a further hearing at which he may, with the assistance of counsel, test the legality of his arrest under the Governor's Warrant.

We do not reach the question of whether the failure to appoint legal counsel to represent an indigent in a habeas corpus proceeding testing the legality of his arrest under Executive Warrant for his extradition constitutes a denial of a constitutional right. We need not therefore consider whether or not, in deciding such question, a distinction may be drawn between post-conviction proceedings where the prisoner has been convicted of a crime in the demanding state and has escaped from confinement, or has violated the conditions of his parole, and a proceeding where the indigent prisoner is charged with, but has not been convicted of a crime in the demanding state.

The opinion affirming the judgment is withdrawn.

Appellant's motion for rehearing is granted and the judgment is now reversed and the cause remanded.