PEOPLE v. BRAZIEL

CONSTITUTIONAL LAW—DUE PROCESS—ASSIGNMENT OF COUNSEL—
CRIMINAL LAW—EXTRADITION.
  A defendant, if indigent, is entitled to the appointment of
  assigned counsel at extradition proceedings (CL 1948, § 780.9).

Appeal from Berrien, Julian Hughes, J.   Sub-
mitted Division 3 May 6, 1969, at Detroit.   (Docket
No. 7,210.)   Decided May 27, 1969.

Circuit court denied defendant's request for ap-
pointment of counsel in extradition proceedings.
Defendant appeals.   Remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Ronald J. Taylor,*
Prosecuting Attorney, and *Wilbur Schillinger,* As-
sistant Prosecuting Attorney, for the people.

*Edward M. Yampolsky* (Berrien County Legal
Services Bureau), for defendant.

BEFORE: LEVIN, P. J., and J. H. GILLIS and
V. J. BRENNAN, JJ.

PER CURIAM.   Defendant was arrested in Berrien
county for the commission of a robbery in the State
of Florida.   The complaint and warrant charged

REFERENCE FOR POINTS IN HEADNOTE
31 Am Jur 2d, Extradition § 64.

him with being a fugitive from justice. At arraignment he requested appointment of counsel, but the request was denied by the district judge. At a hearing before a Berrien county circuit judge the request was renewed. The court, in an order dated March 24, 1969, denied the appointment of counsel "for reason that said appointment in extradition proceedings is not required in the State of Michigan." Defendant brought the matter to our attention in an emergency application for leave to appeal from that order.

We are of the opinion that defendant, if indigent, is entitled to the appointment of assigned counsel, and that this result is required by § 10 of the Uniform Criminal Extradition Act (MCLA § 780.9 [Stat Ann 1954 Rev § 28.1285(9)]) for the reasons, which we hereby adopt, stated in *People, ex rel. Harris*, v. *Ogilvie* (1966), 35 Ill 2d 512 (221 NE2d 265) and *Ex parte Turner* (Tex Crim App, 1967), 410 SW2d 639, construing § 10 of that act.

Remanded to the trial court for a determination whether defendant is indigent and further proceedings consistent with this opinion.