RUTLEDGE *v.* INGHAM COUNTY SHERIFF

1. EXTRADITION — HABEAS CORPUS — INDIGENCY — APPOINTMENT OF COUNSEL.

  An alleged fugitive, if indigent, has a right to appointment of counsel for the purpose of challenging, through *habeas corpus,* the legality of his arrest under a Governor's warrant (MCLA § 780.9).

2. EXTRADITION—INITIAL ARRAIGNMENT—NATURE OF PROCEEDINGS.

  The initial arraignment in extradition proceedings before the Governor's hearing is not in the nature of a criminal prosecution because the question is whether the alleged fugitive is in fact the one requested by the demanding state, not whether he is guilty.

3. EXTRADITION—COUNSEL.

  The Uniform Criminal Extradition Act does not extend the right to counsel to either the initial arraignment on a fugitive warrant or at the hearing before the Governor (MCLA § 780-.1 *et seq.*).

4. EXTRADITION—COURTS—DECISION OF GOVERNOR—REVIEW.

  Courts have consistently held that they are without power to review a decision made by a Governor in extradition proceedings.

Original action in the Court of Appeals. Submitted Division 2 December 4, 1969, at Lansing. (Docket No. 7,648.) Decided February 6, 1970. Leave to appeal denied July 29, 1970. 383 Mich 810.

Complaint by Doyle Rutledge against Kenneth Preadmore, Sheriff of Ingham County, for a writ of *habeas corpus.* Writ denied.

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 31 Am Jur 2d, Extradition §§ 50, 64 *et seq.*

*Kenneth Laing, Jr.,* for plaintiff.

*Raymond L. Scodeller,* Prosecuting Attorney, and *Michael G. Harrison,* Assistant Prosecuting Attorney, for defendant.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

FITZGERALD, P. J.  The present case is in the nature of *habeas corpus* proceedings and is concerned with the rights of a fugitive at criminal extradition proceedings.

Doyle Rutledge was convicted of grand larceny and burglary second degree in Alabama. He escaped from custody and was arrested on December 4, 1968 in Ingham County. He was arraigned on a fugitive warrant issued by the Ingham County prosecutor's office on December 6, 1968. Bond was set in the amount of $100,000. Rutledge petitioned the circuit court for counsel to represent him at extradition proceedings before the Governor. He was advised by the court on December 24, 1968, that he was not entitled to appointed counsel at this stage of the proceedings.

On January 23, 1969, a Governor's hearing was held at which time Rutledge repeated his requests for counsel. He was not officially represented by counsel at this hearing, though an attorney was present and advised him to say nothing. An extradition warrant was thereupon issued by the Governor on January 23, 1969.

On January 24, plaintiff was arraigned in circuit court on the Governor's warrant and, subsequent to a determination of indigency, counsel was appointed for the purpose of perfecting a writ of *habeas corpus* pursuant to MCLA § 780.9 (Stat Ann 1954 Rev

§ 28.1285[9]). A petition was filed in the circuit court and a writ of *habeas corpus* was issued on January 28. Thereafter, on February 10, the Governor's warrant was amended and plaintiff was again arraigned in circuit court. During the arraignment argument was had by counsel on behalf of plaintiff.

In its opinion dated May 19, 1969, the court held that plaintiff was not entitled to appointed counsel at the extradition hearing held before the Governor. Rutledge now seeks a writ of *habeas corpus* from this Court.

The main issue raised on this appeal is whether an indigent person is entitled to appointed counsel when the indigent is arraigned before the hearing held by the Governor under the Uniform Criminal Extradition Act.* We are also asked to consider an alleged error in the procedure which the Governor followed in holding the extradition hearing.

Plaintiff relies on this Court's recent decision in the case of *People* v. *Braziel* (1969), 17 Mich App 411, and contends that it is precisely parallel to the instant case. He argues that *Braziel* can only stand for the proposition that an indigent is entitled to appointed counsel at the arraignment on the fugitive warrant since it never got beyond that point prior to this Court's holding.

After a complete examination of the Court's previous decision in the case cited, *supra,* and the arguments set forth by plaintiff, we cannot adopt such an interpretation nor do we see any reason for changing the law as enunciated in *Braziel.* However, in view of the brevity of our previous opinion, and in light of the question raised, the Court will address itself to a clarification of *Braziel* and the law as it relates thereto.

---

* MCLA § 780.1 *et seq.* (Stat Ann 1954 Rev § 28.1285[1] *et seq.*).

A review of the *Braziel* case indicates that the Court specifically addressed itself to the trial court's order which denied the appointment of counsel "for reason that said appointment in extradition proceedings is not required in the State of Michigan". In a *per curiam* opinion, this Court stated:

"We are of the opinion that defendant, if indigent, is entitled to the appointment of assigned counsel and that result is required by § 10 of the Uniform Criminal Extradition Act (MCLA § 780.9 [Stat Ann 1954 Rev § 28.1285(9)]) for the reasons, which we hereby adopt, stated in *People, ex rel. Harris,* v. *Ogilvie* (1966), 35 Ill 2d 512 (221 NE2d 265) and *Ex parte Turner* (Tex Crim App, 1967), 410 SW2d 639, construing § 10 of that act."

Obviously such a blanket statement as made by the trial court in *Braziel* is erroneous in view of § 10 of the Uniform Criminal Extradition Act, which gives an alleged fugitive the right to counsel for purposes of challenging, through *habeas corpus,* the legality of his arrest under the Governor's warrant. Nowhere within the confines of the act is provision made for the appointment of counsel except to challenge the legality of the arrest. Hence, we see no justification for an interpretation of the extradition act which would extend the right to counsel to either the initial arraignment on the fugitive warrant or the hearing before the Governor. The *habeas corpus* proceeding and the attendant counsel are the safeguards provided the accused person.

The decision of the trial court was reversed in the *Braziel* case and it was remanded for proceedings consistent with the opinion as well as a determination of indigency. Hence, it was held that the petitioner was entitled to counsel at extradition proceedings as authorized by § 10 of the act. In the case at bar, petitioner was not emphatically denied

counsel at all stages of the extradition proceedings as apparently occurred in *Braziel,* but only at the arraignment on the fugitive warrant and at the Governor's hearings. Therefore, the instant case may be distinguished from the former. Furthermore, neither *People, ex rel. Harris,* v. *Ogilvie,* supra, nor *Ex parte Turner, supra,* cited in *Braziel* and relied upon by plaintiff, are authority for the proposition which he sets forth. In *Ogilvie,* the court ruled on the right of an indigent person to have court-appointed counsel represent him in a *habeas corpus* proceeding to test the validity of a rendition warrant issued by the Governor of Illinois. Similarly, *Ex parte Turner, supra,* held that an indigent defendant is entitled to court-appointed counsel to represent him in *habeas corpus* proceedings brought under § 10 of the Uniform Criminal Extradition Act so that the petitioner could test the legality of his arrest under the Governor's warrant. It appears, therefore, that the above cases, as well as petitioner's attempted parallel between the result in *Braziel,* are not germane to the issue at hand.

An examination of applicable case law discloses that the Arizona Court of Appeals, in *Rugg* v. *Burr* (1965), 1 Ariz App 280 (402 P2d 28), addressed itself to the precise question with which we are faced in the instant case. In its opinion the court stated:

"We find no law giving the right to counsel at an extradition before the Governor, *Oppenheimer* v. *Sheriff of Maricopa County* (1964), 95 Ariz 292 (389 P2d 696)."

In light of a complete review of the facts in the instant case, as well as the nature of extradition proceedings in general, there appears to be no apparent necessity for extending an indigent's right to appointed counsel to the arraignment prior to the

Governor's hearing. These initial proceedings are not in the nature of a criminal prosecution. No determination of the guilt of the subject is involved for the question is rather whether the alleged fugitive is in fact the one requested by the demanding state. *People, ex rel. Hackler* v. *Lohman* (1959), 17 Ill 2d 78 (160 NE2d 792). The petitioner is adequately protected by his remedies subsequent to the issuance of the Governor's warrant wherein his right to counsel is guaranteed by both statutory and case law.

The second issue raised by petitioner is without merit and is not considered on this appeal, as the courts have consistently held that they are without power to review a decision made by the Governor. *Germaine* v. *Governor* (1913), 176 Mich 585.

Application denied.

All concurred.