(No. 41314.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM ROBERT CALHOUN, Appellant.

*Opinion filed September 22, 1970.*

WILLIAM ROBERT CALHOUN, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and PHILIP G. REINHARD, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, and GALYN

W. MOEHRING, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Defendant was, upon his plea of guilty, convicted in the circuit court of Winnebago County of the offense of robbery and sentenced to imprisonment in the penitentiary for a term of not less than 5 nor more than 10 years. Subsequently, defendant filed a petition in the circuit court under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), asserting violation of his constitutional rights. The circuit court dismissed the petition without conducting an evidentiary hearing and this appeal is from that order of dismissal.

The record shows that defendant was indicted for the offense of armed robbery, that he pleaded not guilty to such charge, and waived trial by jury. Before the armed robbery charge came up for trial, however, defendant, through his counsel, requested leave to withdraw his not guilty plea and to substitute therefor a plea of guilty to the offense of robbery, a lesser included offense. The State made no objection and the defendant's request was granted. His conviction and sentence followed.

It is initially maintained by defendant that he was not sufficiently admonished as to the consequences and effect of his plea of guilty prior to the time it was accepted by the court. In this connection, the record discloses the following colloquy:

"MR. SNIVELEY [Defendant's Attorney]: Your Honor, the Defendant asks leave to withdraw his plea of not guilty and enter a plea of guilty to the charge of robbery, which is the lesser offense.

MR. COWAN [State's Attorney]: I have no objection to that. The penalty for robbery is one to twenty years.

THE COURT: Mr. Calhoun, I think you have already

been informed of the charge against you, that on the 28th day of April, 1965, in the County of Winnebago and State of Illinois, you committed the offense of armed robbery in that you by threat and the imminent use of force, or by the use of force while armed with a deadly weapon, a certain pistol, took certain legal money of the United States from the person of Vincent LaRosa.

Now, you have the right to have this case heard before a jury of twelve persons or before the Court to determine whether you are guilty or not guilty. If you plead guilty to the charge of robbery that carries with it a penalty of a term in the penitentiary from not less than one to twenty years. Do you understand that?

MR. CALHOUN: Yes.

THE COURT: Is that what you wish to do?

MR. CALHOUN: Yes.

THE COURT: Let the record show that the rights of the Defendant have been explained to him and that he persists in his plea of guilty to the charge of robbery, not armed robbery."

The record further establishes that defendant, who was represented in the proceedings which led to his conviction by counsel of his own choosing, executed two separate jury waivers, one when he entered his original plea of not guilty to the armed robbery charge, and another after he tendered his guilty plea to the lesser charge of robbery.

Under our former Rule 26(3), which is applicable herein (see also Ill. Rev. Stat. 1967, ch. 38, par. 113—4), "The court shall not permit a plea of guilty * * * by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time * * * [the] plea of guilty [is sought to be] entered, * * * that the accused * * * understands the nature of the charge against him, and the consequences

thereof if found guilty * * *." (Ill. Rev. Stat. 1965, ch. 110, par. 101.26(3).) There is no contention here that defendant did not understand the charges which had been placed against him, and it is clear from the record that the court specifically advised him of his right to trial by jury and the possible consequences of his plea of guilty, but that he nonetheless persisted therein. Under such circumstances, we believe the mandate of former Rule 26(3) was adequately satisfied. See *People* v. *Doyle,* 20 Ill.2d 163; *People* v. *Domico,* 15 Ill.2d 590.

Defendant further suggests that he was not advised of his right to a hearing in aggravation and mitigation of the offense prior to the court's acceptance of his guilty plea. This contention is raised for the first time in defendant's reply brief and is thus not properly before us, but, in any event, the record in the proceedings which resulted in defendant's conviction indicates that such a hearing was held. We accordingly find no error in the record in that connection.

Defendant seeks to challenge here the propriety of his continued incarceration for the offense of which he stands convicted, stating that, while an inmate in the Illinois State Penitentiary, pursuant to agreement of the Governors of the States of Illinois and Iowa, he was delivered to the Iowa authorities, presumably for prosecution of a pending Iowa charge against him. Defendant states that he did not, when delivered to the Iowa authorities, agree, upon completion of the Iowa proceedings, to return to Illinois. From these circumstances it is contended that the State of Illinois lost jurisdiction over his person, and that he is now being detained illegally. Whatever may be the merits of defendant's argument on this point, upon which we express no opinion, it is clear that the matter cannot be raised in this proceeding. The Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) provides a remedy for persons imprisoned in the penitentiary who assert that, in the pro-

ceedings which resulted in their convictions, there was a substantial denial of their constitutional rights. The alleged delivery of the defendant to Iowa and his return to the Illinois penitentiary manifestly had nothing to do with the proceedings which resulted in his conviction, and such matters are thus not cognizable by this court on this appeal from the dismissal of his post-conviction petition. As we observed in *People* v. *Ferree*, 40 Ill.2d 483, 485: "Since none of the allegations of constitutional violations raised in [defendant's] petition are related to the proceedings which resulted in his conviction, they are not reviewable under the Post-Conviction Hearing Act."

The judgment of the circuit court of Winnebago County is, in accordance with the foregoing, affirmed.

*Judgment affirmed.*