**UNITED STATES of America ex rel.
William Robert CALHOUN,
Petitioner-Appellant,**

v.

**John TWOMEY, Warden, Illinois State
Penitentiary, Respondent-Appellee.**

No. 18883.

United States Court of Appeals,
Seventh Circuit.

Dec. 2, 1971.

———◆———

Daniel R. Murray, Chicago, Ill., Jerold S. Solovy, Chicago, Ill., for petitioner-ap-

pellant; Jenner & Block, Chicago, Ill., of counsel.

Thomas Edward Holum, Chicago, Ill., William J. Scott, Atty. Gen., Chicago, Ill., James B. Zagel, James R. Streicker, Asst. Attys. Gen., Chicago, Ill., for appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

CASTLE, Senior Circuit Judge.

William Robert Calhoun, petitioner-appellant, an inmate of the Illinois State Penitentiary, prosecutes this appeal from a judgment order of the District Court denying and dismissing his petition for a writ of habeas corpus. Petitioner is confined pursuant to a sentence imposed following his conviction in the Circuit Court of Winnebago County, Illinois, on November 3, 1965, on his plea of guilty to the charge of robbery. His petition alleges, in substance, that petitioner was extradited to Iowa in February, 1967, for trial for an offense allegedly committed by him in Iowa. In connection with this extradition the Governors of Illinois and Iowa had entered into an agreement on January 16, 1967, pursuant to the Uniform Criminal Extradition Act,[1] that petitioner's extradition to Iowa was conditioned upon his being returned to the Illinois State Penitentiary at the expense of Iowa as soon as the prosecution in Iowa was terminated. It is alleged that on April 4, 1967, the criminal proceeding pending against the petitioner in Iowa was dismissed and on the following day he was returned by the Iowa authorities against his will to the Illinois State Penitentiary without having first been afforded either assistance of counsel or the hearing prescribed by Section 10 of the Uniform Criminal Extradition Act[2] and requested by him.

The petitioner predicates error in the District Court's denial of his petition and dismissal of the habeas corpus pro-

1. Ill.Rev.Stat.1969, ch. 60, § 22; 36 Iowa Code, § 759.5.

2. Ill.Rev.Stat.1969, ch. 60, § 27; 36 Iowa Code, § 759.10.

ceeding on the contention that the due process and equal protection clauses of the Fourteenth Amendment required that he be afforded assistance of counsel before being returned from Iowa to Illinois. In this connection the petitioner points to the allegation in his petition that he expressly refused to waive return extradition proceedings and sought to file a petition in the Iowa court contesting his return to Illinois but was denied opportunity to present such petition, and he argues that the matter of his return to Illinois constituted a critical stage of a criminal proceeding which mandated the assistance of counsel and that lack of counsel prevented him from obtaining a pre-return hearing in the Iowa court and therefore cannot be regarded as mere "harmless error".[3]

It has been held that where a person serving a sentence is extradited to another State to stand trial for an offense allegedly committed therein on express condition that he then be returned to the surrendering State to complete his sentence the Uniform Criminal Extradition Act does not require a "return" extradition proceeding prior to the person's return to the State which surrendered him. Walsh v. State ex rel. Eyman, 104 Ariz. 202, 450 P.2d 392, 396 (1969). Petitioner cites In re Satterfield, 64 Cal.2d 419, 50 Cal.Rptr. 284, 412 P.2d 540 as indicating to the contrary. In *Satterfield,* where California sought to require that prior to his extradition to Florida a person under conviction in California execute a waiver of a future extradition proceeding to return him to California, the court did hold that a waiver at the time of the initial extradition of the right to contest return to the surrendering State would be inequitable and ineffective. The court reasoned that "[a] prior waiver of extradition might prevent petitioner from raising legitimate objections to the demand for his return to this state which are unforeseeable at this time" (50 Cal.Rptr. at 285, 412 P.2d at 541). But the California court, while recognizing the right of the extradited person to resist return in a proper case had no occasion to consider, much less did it hold, that it is incumbent upon the State to which he has been extradited to furnish him with counsel for the purpose of resisting return to the State which had conditionally and temporarily surrendered him. All of the other cases cited by petitioner[4] in support of his contention that an indigent person sought to be returned to the surrendering State is entitled to have counsel furnished him are cases involving the initial extradition to another State—not a return of the person to the State which honored the initial request for extradition. With respect to such initial extradition Section 10 of the Uniform Criminal Extradition Act clearly requires that the person sought to be extradited to a demanding State "has the right to demand * * * legal counsel". Thus none of the cases relied upon by the petitioner support his contention that counsel must be afforded to the extradited person to contest his

---

3. Petitioner does not challenge the constitutional validity of his Illinois conviction or sentence. A denial of post-conviction relief from that conviction was affirmed in People v. Calhoun, 46 Ill.2d 60, 263 N.E.2d 69. Likewise, petitioner does not question the validity of his initial extradition to Iowa. Nor does he question the effect of the Governors' agreement as preventing a waiver by Illinois of its jurisdiction to subject him to the service of the balance of his Illinois sentence. In this latter connection compare People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, where there was no agreement between the Executives for the prisoner's return to Illinois following completion of the criminal proceeding in the demanding State, with People ex rel. Lehman v. Frye, 35 Ill.2d 343, 346, 220 N.E.2d 235, where there was such an agreement and it was held that there was no waiver of jurisdiction by Illinois of a prisoner extradited to Iowa.

4. People ex rel. Harris v. Ogilvie, 35 Ill. 2d 512, 221 N.E.2d 265; People v. Braziel, 17 Mich.App. 411, 169 N.W.2d 513; In re Turner (Tex.App.1967) 410 S.W. 2d 639.

return to the State which surrendered him.

■ But even assuming, without deciding, that the petitioner is correct in his interpretation that the Uniform Criminal Extradition Act requires a "return" extradition proceeding and the furnishing of counsel to represent an indigent person being returned to the State from which he was initially extradited, nevertheless, the failure to so furnish counsel in the instant case does not attain constitutional dimensions. *Cf.* People ex rel. Lehman v. Frye, 35 Ill.2d 343, 346, 220 N.E.2d 235, 237. Certainly, petitioner's return to Illinois to serve his sentence after the Iowa charge against him had been dismissed is not a matter involving a critical stage of a criminal proceeding so as to require the furnishing of counsel under the rationale of decisions such as Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 and Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 811.

■ Moreover, again assuming that petitioner's premise is correct, he in effect requests that in order to insure that demanding States will in the future furnish counsel to persons resisting return to the surrendering State this Court should rule that failure to so furnish counsel effects a loss of jurisdiction by the surrendering State to subject the extradited person to the service of the balance of his term of imprisonment. In this connection the petitioner suggests that decisions such as Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L. Ed. 541, and Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 are now of questionable validity. But we are aware of no decision of the Supreme Court of the United States which rejects the teaching of those cases that absent some other factor which has resulted in a forfeiture of jurisdiction, the method by which a person is returned to a State does not affect that State's jurisdiction over him. Once a person is within the jurisdiction of a state and held under valid process, the circumstances surrounding his being there will not be inquired into. See: Bullis v. Hocker, 9 Cir., 409 F.2d 1380.

If it be assumed that Iowa failed to accord petitioner a legal right he had to the appointment of counsel and a pre-return hearing under the Uniform Criminal Extradition Act, Illinois, in our judgment, should not be prejudiced by that conduct on the part of the Iowa authorities. But, in any event we perceive no constitutional predicate here which would furnish a basis for fashioning and applying a rule such as petitioner would have us adopt.

Accordingly, we agree with the conclusion reached by the District Court, and the judgment order appealed from is affirmed.

Affirmed.