**Donald Gene BOAG, Plaintiff-Appellant,**

**v.**

**L. C. BOIES, Sheriff of Maricopa County, et al., Respondents-Appellees.**

**No. 71-1786.**

United States Court of Appeals,
Ninth Circuit.

Feb. 3, 1972.

Rehearing Denied April 6, 1972.

Donald Gene Boag, in pro. per.

Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for appellees.

Before HAMLEY, ELY and TRASK, Circuit Judges.

PER CURIAM:

Donald Gene Boag appeals from an order of the district court denying his motion for leave to proceed in forma pauperis in a civil rights complaint against Arizona deputy sheriffs. The reason stated for such denial was that Boag failed to state a claim upon which relief could be granted. We affirm.

Boag is a California prisoner. He alleged in his complaint, invoking 42 U.S.C. §§ 1983 and 1985(3), that in 1966 he was a prisoner at the California Correctional Institute at Chino serving two to fifteen years. During that year he was transported from California to Arizona for trial on various Arizona charges pursuant to an executive agreement between the governors of California and Arizona which provided for his return to California upon completion of the trial. At the time of this transfer to Arizona, he requested but was denied a hearing and the appointment of counsel by the California authorities. He was tried and convicted in Arizona and sentenced to one hundred and sixty-three to two hundred and twelve years consecutive to his California sentence. While his Arizona appeal was pending in 1967, the trial court ordered him remanded to California custody and the defendant deputies returned him from Arizona to California. Boag further alleged that at the time of this transfer back to California he again requested a hearing and the appointment of counsel to contest the extradition but that the deputies refused to hear him, dragged him to a waiting auto, and transported him across the state line.

We note that the court below pointed out that Boag had raised the identical questions in a petition for a writ of habeas corpus which had been denied on the merits on April 30, 1970, and prior to the present decision of March 30, 1971.

■ Both Arizona and California have enacted the Uniform Criminal Extradition Act (A.R.S. §§ 13–1301 to 13–1328; Cal. Penal Code §§ 1548–1556.2).

Section 10 of this Act (A.R.S. § 13–1310; Cal. Penal Code § 1550.1) provides that a prisoner may not be extradited without first being brought before a magistrate and informed of his rights to a hearing and counsel to contest the extradition. Under Arizona law, however, it is clear that the return transfer pursuant to an executive agreement following extradition for trial does not require the initiation of new proceedings. Walsh v. State ex rel. Eyman, 104 Ariz. 202, 450 P.2d 392 (1969). Moreover, the fact that Boag may have been illegally extradited from California does not affect that state's jurisdiction to impose further punishment or to regain him pursuant to an executive agreement. See Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922); see also Bullis v. Hocker, 409 F.2d 1380 (9th Cir. 1969); People ex rel. Lehman v. Frye, 35 Ill.2d 343, 220 N.E.2d 235 (1966); Section 25–B of the Uniform Criminal Extradition Act (Cal. Penal Code § 1555.2).

■ The district court acted without awaiting issuance and service of process, without notice to Boag that the court was considering dismissal of the complaint, without affording Boag an opportunity to submit written argument, and without affording him an opportunity to amend the complaint. Thus, if the court's action constituted dismissal of the action with prejudice for failure to state a claim upon which relief could be granted, it would be necessary to reverse. See Armstrong v. Rushing, 352 F.2d 836 (9th Cir. 1965); Clinton v. Los Angeles County, 434 F.2d 1038 (9th Cir. 1970), and other decisions cited in Clinton.

But what was pending before the district court was plaintiff's motion to proceed in forma pauperis. Under 28 U.S.C. § 1915(d), a case sought to be prosecuted in forma pauperis may be dismissed if the district court correctly determines that it is frivolous. While the district court did not here expressly rule that this case is frivolous, we think this

is the real reason for the court's denial of the motion to proceed in forma pauperis, and conclude that it is a sound reason. We therefore

Affirm.