THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BARRY WINTERSMITH, Defendant-Appellant.

(No. 59624;

First District (4th Division)—June 26, 1974.

James J. Doherty, Public Defender, of Chicago (Terrence McQuigg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The petitioner, Barry Wintersmith, was convicted of voluntary manslaughter and was sentenced to a term of 8 to 15 years in the Illinois State Penitentiary after a trial in the Circuit Court of Cook County. The conviction was affirmed in *People v. Wintersmith* (1972), 9 Ill.App.3d

327, and the minimum sentence was reduced to 5 years by the Illinois Supreme Court.

The petitioner filed a pro se Habeas Corpus petition which was dismissed without a hearing on June 12, 1973. The petitioner chose to appeal and the Public Defender was appointed to represent him. Now the Public Defender seeks to withdraw and has filed a brief in support of his motion pursuant to the case of *Anders v. California*, 386 U.S. 738, asserting there is no merit to the appeal and the case is moot.

Barry Wintersmith filed a pro se Habeas Corpus petition seeking a transfer from the Psychiatric Division of the State Penitentiary at Menard to the general population of Joliet. The petitioner alleged he was not "crazy" and did not need psychiatric care.

The Public Defender filed a brief stating that Habeas Corpus is a remedy limited to claims of a jurisdictional nature, and a petitioner seeking Habeas Corpus must allege the trial court lacked power to incarcerate him originally or that subsequent events have rendered further incarceration illegal. *People ex rel. Shelley v. Frye* (1969), 42 Ill.2d 263; *People ex rel. Ross v. Ragen* (1946), 392 Ill. 465. There is no claim the petitioner was illegally imprisoned, and the Director of the Department of Corrections is specifically empowered to assign prisoners to psychiatric facilities within the prison system. Ill. Rev. Stat. 1973, ch. 38, § 1003—8—5.

Subsequently, the petitioner was transferred to the general prison population at Joliet, and the Public Defender filed a supplemental petition to withdraw asserting the only issue raised by the Habeas Corpus petition had been rendered moot.

■■ The defendant was sent copies of the Public Defender's motions and was given an opportunity to file any authorities he might wish in support of his appeal. The petitioner replied and requested the appointment of other counsel, alleging he should be discharged because his transfer from the Psychiatric Division to the general population was not accomplished as speedily as possible. However, he did not support his request with legal arguments or authorities, and we do not deem his reasons to be sufficient to warrant the appointment of other counsel.

■■ After reviewing the record we conclude the Public Defender is correct—there is no merit to the appeal and it has been rendered moot. The motion of the Public Defender to withdraw is allowed, and the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.