**Lawrence RICKS, Plaintiff-Appellant,**

v.

**George W. SUMNER, individually and in his capacity as Warden, San Quentin State Prison et al., Defendants-Appellees.**

No. 79–4581.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 1981.

Decided June 5, 1981.

* The Honorable Terry J. Hatter, Jr., United States District Judge for the Central District of

Lawrence Ricks, pro se.

George Deukmejian, Atty. Gen., San Francisco, Cal., for defendants-appellees.

Before FERGUSON and BOOCHEVER, Circuit Judges, and HATTER,* District Judge.

PER CURIAM:

Ricks brought a civil rights action for damages under 42 U.S.C. §§ 1983 & 1985 claiming that state officials improperly transferred him from San Quentin, where he was serving a California sentence, to Pennsylvania, where criminal charges were pending against him. He alleged *inter alia* that he was not allowed an opportunity to challenge his removal from California. Ricks was transferred pursuant to the Interstate Agreement on Detainers (IAD) after authorities in Philadelphia presented California officials an outstanding warrant for his arrest. The district court granted Ricks leave to proceed in *forma pauperis*, but dismissed the action.

After the decision by the District Court, the United States Supreme Court held in *Cuyler v. Adams*, —— U.S. ——, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981) that a prisoner incarcerated in a jurisdiction that has adopted the Uniform Criminal Extradition Act is entitled to the procedural protections of that Act, including the right to a pre-transfer hearing, before being transferred

California, sitting by designation.

to another jurisdiction pursuant to Article IV of the Detainer Agreement. California has adopted the Uniform Criminal Extradition Act, Cal.Penal Code §§ 1548–1556.2, along with the IAD, Cal.Penal Code §§ 1389–1389.7. Article IV of the IAD specifically provides that it should not be construed to deprive a prisoner of any right which he may have to contest the legality of his delivery, except that it may not be opposed on the ground that the executive authority of the sending state has not affirmatively consented to or ordered such delivery.[1] Those procedural rights include the right to a hearing provided by the Extradition Act. Ricks' amended complaint sufficiently alleges the failure to provide a hearing prior to his involuntary removal to Pennsylvania.

Accordingly, the judgment of dismissal is reversed and the case is remanded for the purpose of allowing issuance and service of process to proper defendants. *See Boag v. Boies*, 455 F.2d 467, 468 (9th Cir.), *cert. denied*, 408 U.S. 926, 92 S.Ct. 2509, 33 L.Ed.2d 338 (1972).

---

1. The exception contained in Article IV(d) disposes of Ricks' contention that he was removed from California without a warrant from that state's governor.