COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Ex parte Richard Vincent Letizia

Appellate case number:    01-16-00808-CR

Trial court case number:    2112524

Trial court:    County Criminal Court at Law No. 10 of Harris County

Appellant, Richard Vincent Letizia, has filed a notice of appeal of the trial court's order denying his application for a writ of habeas corpus that challenged the legality of his arrest pursuant to a governor's warrant. Appellant's retained counsel. John Andrew ("Drew") Prisner, filed a brief on appellant's behalf, and the State has filed its brief.

On April 17, 2017, appellant's retained counsel filed a motion to withdraw as counsel stating that, on March 21, 2017, appellant informed counsel that appellant no longer wished counsel to represent appellant. And, appellant has filed a pro se motion to reconsider the April 6, 2017 order dismissing his pro se "Motion for Extension of Time to Hire New Counsel and to File New Appellate Brief." Appellant's pro se motion reflects that he "terminated" his retained counsel on March 21, 2017 and is seeking new appellate counsel. We **grant** counsel's motion to withdraw. John Andrew ("Drew") Prisner is directed to immediately notify the appellant in writing of all deadlines and settings of which counsel is aware, including any trial court settings, and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c)

The Clerk of this Court is directed to note John Andrew ("Drew") Prisner's withdrawal as appellant's retained counsel on the docket of this Court.

Further, we **abate** the appeal and remand the case to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant shall be present.[1] We direct the trial court to:

---

1    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound. On his

(1) determine whether appellant still wishes to prosecute the appeal;

(2) determine whether appellant is now indigent;

(3) if appellant is indigent, appoint appellate counsel at no expense to appellant;

(4) if appellant is not indigent,

    a.    determine whether he has retained an attorney and, if so, obtain the name, address, and telephone number of retained counsel;

    b.    if appellant has not retained counsel, admonish appellant of the dangers of self-representation, and

        i.  determine whether appellant is knowingly and intelligently waiving his right to counsel, or

        ii.  if appellant does not wish to proceed pro se, provide a deadline by which he must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04, 51.13, § 10(a); *cf. id.* art. 1.051(g); *Ex parte Turner*, 410 S.W.2d 639, 641 (Tex. Crim. App. 1967).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

We **dismiss as moot** appellant's motion to reconsider filed on April 12, 2017.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.

The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ <u>Russell Lloyd</u>
                 ☒ Acting individually    ☐ Acting for the Court

Date: April 27, 2017

---

request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

2