No. 16,538.

STRUBLE ET AL. *v.* HICKS.
(224 P. [2d] 932)

Decided November 6, 1950.

Mr. CHESTER A. BENNETT, Mr. WM. JUSTUS WILKINSON, for plaintiffs in error.

Mr. FANCHER SARCHET, Mr. JOHN J. TOBIN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

UPON a fabricated record, we are called upon to annul

an order of the district court releasing defendant in error from the custody of a sheriff in a pretended habeas corpus proceeding. As gathered from the record before us, there was no hearing in compliance with the procedure required in habeas corpus matters, and in fact no writ issued; however, the prisoner was released. If we were not confronted by the apparent fact that the protection of the objecting party's interests vanished by this mockery of habeas corpus, we might yield to a strong temptation to dismiss the writ of error for insufficiency of the record. In that connection, we cannot conceive of how a sufficient record could be supplied, and we must not tolerate the procedure followed nor permit the practices shown to be involved.

When we say, as above, that the record is fabricated, that means that virtually all of the record was made long after the pretended habeas corpus hearing, by the issuing and filing of necessary documents nunc pro tunc as of June 16, 1949, the date of the hearing, and we have only the suggestion in the briefs of counsel that because of the defendant in error's release, the questions presented are moot, and opposing this it is said, "the lower court is holding the whole matter in abatement until this court returns a decision; certainly, there is nothing moot about those matters, they are very much alive as the liabilities of the parties * * *."

We indulge a further quotation from the brief of defendant in error: "If the habeas corpus proceeding was precipitate and was messed up, the fact remains that it was a hearing upon a petition for habeas corpus; that Hicks was brought into Court; and that the trial court decided that the writ upon which the sheriff was holding him was void."

To visualize this ludicrous situation, a brief statement as made up from the supplemented record, is necessary.

Ruth E. Struble, formerly Ruth E. Hicks, as wife of defendant in error, while they were residents of the state of Kansas, filed an action for divorce on October 22,

1946 in the district court of Cowley county, Kansas, and sought division of certain property owned by her and defendant in error as tenants in common; she further sought, and obtained, a restraining order against defendant in error to prevent him from removing said property, valued at about $6,570, which restraining order was on that day duly served on defendant in error; that on or about December 1, in disregard of the restraining order, defendant in error absconded from the state of Kansas, taking with him all of the property involved; that on December 23, 1946, a decree of divorce, and judgment representing one-half interest in the property in the sum of $3,395, in favor of plaintiff in error Struble, was entered against defendant in error; that upon discovery that defendant in error was living near Fort Collins, Colorado, his wife instituted suit in the district court of Larimer county for judgment on the Kansas judgment and prayed for a writ of ne exeat, or an order in the nature of ne exeat under Appendix B, section 31, volume 1, '35 C.S.A. of the rules of civil procedure. On June 2, 1950, the district court of Larimer county, Honorable James D. Lewis presiding, entered its order directing the issuance of a writ of ne exeat or an order in the nature thereof, upon which order the clerk of the district court issued the writ commanding the sheriff of Larimer county to cause defendant in error to give an undertaking in the sum of $1,000, conditioned that he would not go or attempt to go beyond the jurisdiction of the court and not dispose of any of his property, and on failure to give such undertaking, that he be committed to jail until such security be given, or he is released by order of court.

In the meantime, defendant in error had committed a criminal assault upon a citizen of Larimer county; had absconded from the state of Colorado, and became a fugitive from justice. A criminal information was filed against him immediately after the assault and he was located by the sheriff at Cheyenne, Wyoming, and ex-

tradition proceedings followed by which he was returned to Larimer county under arrest on May 11, 1950. He posted bond, and on June 5, 1950, appeared in the district court, entered a plea of not guilty and trial was set for June 20, 1950. While he was in jail, summons in the civil case, then pending as aforesaid, was served on him and on June 16 in the criminal case, he changed his plea to one of guilty, was fined $100 and remanded to the custody of the sheriff. At this time, the sheriff demanded of him the posting of the bond required under the ne exeat order and was retaining him on failure to make bond.

The record seems to show that this demand was made about 4:00 o'clock in the afternoon of June 16; that about 5:30, counsel for defendant in error appeared, and filed the petition for writ of habeas corpus. The record does not show that the writ was granted and issued, but it is to be gathered from the record and the suggestion of counsel, that counsel for the complainant, Ruth E. Struble, formerly Ruth E. Hicks, was called from his dinner table, and immediately appeared in court, made objections to a hearing at that time, and requested time in which to file an answer in return, all of which was denied, and the court proceeded with the hearing on the petition and ordered the release of defendant in error as per the following order:

"At this day comes the said petitioner by John J. Tobin and Fancher Sarchet, his attorneys. Sheriff produces petitioner, for hearing on Petition for Writ of Habeas Corpus. Chester A. Bennett in Court and objects to hearing. Petition granted. Sheriff directed to release petitioner. Objections filed by Chester A. Bennett.

— — — —

"Objections on this day filed by Chester A. Bennett, Esq., are in words and figures as follows, to-wit: * * *."

It is to be noted that the objections to the proceedings were filed by counsel on that day. Such objections, with exhibits, comprise nine typewritten pages as now

found in the record. We are at a loss to understand how such carefully prepared objections were filed within approximately thirty minutes from the time of telephoned notice that the hearing was to be had, and we are at a further loss to understand how the trial court, in the face of such detailed objections, would proceed to a summary hearing on the petition, which is contrary to the well-settled procedure in habeas corpus matters.

The record shows that three days thereafter, that is, on the 19th day of June, counsel for the complainant, Ruth E. Struble, formerly Ruth E. Hicks, filed a designation of record preparatory to filing the record on error in this court. After this notice of designation of record was filed, and on the 8th day of July, counsel for the petitioner, defendant in error, filed a motion to supplement the record, stating therein that the record was incomplete and, among other things, stated that within fifteen or twenty minutes after the petition for habeas corpus had been filed, the clerk of the court telephoned counsel for complainant advising that there would be a forthwith hearing on the habeas corpus proceeding; that at approximately 5:30 o'clock, P.M., counsel for complainant appeared and a hearing was had which continued until 6:30 P.M., at the conclusion of which, the court ordered the sheriff to release the petitioner, defendant in error; that when counsel for complainant appeared in court, he filed a written objection to the release; that said hearing proceeded *as though a writ of habeas corpus had been issued, a return thereon made by the sheriff and after a hearing on said petition for habeas corpus,* that it was urged by the petitioner that the withholding of the service of the writ of ne exeat until June 16 was an abuse of process, that the court had no jurisdiction to issue the writ, and that at the conclusion of the hearing, the court, in ordering the release of the petitioner, stated that the court had no jurisdiction to issue the writ of ne exeat; that while said hearing proceeded as herein indicated, inadvertently no order

had been made for the issuance of the writ of habeas. corpus, and that no writ had been issued; that there was no court reporter present during the hearing, and no record made of the hearing; that counsel for complainant did not ask for time in which to file a motion for rehearing or retrial, and same was not dispensed with; that counsel for Robert R. Hicks, having recited the foregoing facts, moved that an order for the writ of habeas corpus be made thereon; that the sheriff be ordered to make a return of said writ herein, *all as of the date of June 16, 1950, at the hour of 5:00 o'clock in the afternoon.*

The record discloses that such orders were, on or about the 8th day of July, actually made and entered of record as of June 16, the date of the hearing.

Counsel for defendant in error contends that the proceedings were irregular and supports his contention by arguing that, (1) The petitioner, defendant in error, was immune from service of the writ of ne exeat; (2) that in the civil action between the parties, the court was without authority to issue a writ of ne exeat, and that the order therefor was void.

If such argument was presented in the civil action, it would be in place, however, without effect under the law, but it had no place as a pretext for the pretended habeas corpus proceeding. Final determination of a habeas corpus proceeding is not to be had on the petition. It can only be had upon the answer and return to the writ, after which the petition is functus officio, and in a case where the proper procedure is followed, it cannot be substituted for a review or writ of error. *People ex rel. v. District Court,* 22 Colo. 422, 45 Pac. 402.

There is no merit in the contention of counsel that the court in the civil action was without authority to issue a writ in the nature of ne exeat upon proper showing that such a writ would be for the protection of the interests of the litigant. The rules of civil procedure are not to be read otherwise. On the question of im-

munity from service of process, in this case particularly the writ of ne exeat, we adhere to our ruling in *Norquist v. Norquist,* 89 Colo. 486, 4 P. (2d) 306, and, considering the case in hand, every sound reason presents itself for the denial of such immunity. Defendant in error first ignored the injunctive order of the court of Kansas by secreting the property involved out of the jurisdiction of the court and taking it into Colorado, then, upon discovery of his whereabouts—and no doubt he was aware of contemplated civil action on the part of his wife—and after committing an assault upon an old man, he again fled the state. On being located in Wyoming, he was extradited on the criminal charge as a fugitive from justice, and while in the custody of the sheriff, was served with a writ of ne exeat. As a fugitive from justice from the state of Colorado, it is questionable as to whether he could be extended the privileges and immunities that would be accorded to a bona fide resident of the state of Wyoming, or any other state, who voluntarily came into Colorado for the sole purpose of attending court. He was doing nothing in the furtherance of the administration of justice, but on the other hand, had deliberately tried to escape prosecution. When he was served with the writ he was in Colorado and in custody of the law; his presence in the state was involuntary, and he was here because he could not, at the moment, be elsewhere. The leading case on this question seems to be *Netograph Manufacturing Co. v. Scrugham,* 197 N. Y. 377, 90 N.E. 962, 27 L.R.A. (N.S.) 333.

From the foregoing, it is to be understood that defendant in error was legally in the custody of the sheriff under a writ good on its face, and to be discharged and released therefrom by the order of court was error, doubly so under the abortive attempt at a habeas corpus proceeding. Since the rights of complainant were thereby prejudiced, it is only just and according to law, that we reverse the judgment and remand the cause with directions that the judgment of the district

court ordering plaintiff in error sheriff to release defendant in error, be set aside and held for naught, and the judgment of dismissal be declared void. It is so ordered.