## No. 17,051.

### STRUBLE v. BARGER, SHERIFF.
(261 P. [2d] 497)

Decided September 8, 1953. Rehearing denied September 28, 1953.

Mr. Chester A. Bennett, Mr. Wm. Justus Wilkinson, for plaintiff in error.

Mr. Alden T. Hill, Mr. Ralph H. Coyte, Mr. Robert H. Darden, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

Plaintiff in error was plaintiff, and defendant in error was a defendant, in the trial court. We shall so refer to the parties, or to the defendant as sheriff.

In the trial court Hartford Accident and Indemnity Company was named as a defendant, it being surety on the official bond of the defendant sheriff. No summons to hear errors has been served upon this company under the writ of error issued herein, and hence it is not a party to this review.

Ruth E. Struble, formerly Ruth E. Hicks, obtained a divorce from Robert R. Hicks in a Kansas court in December, 1946, and in said action obtained judgment against her husband for $3,285.35. Predicated on this Kansas judgment, plaintiff thereafter filed suit against her former husband in the District Court of Larimer county, Colorado and obtained an order from the judge of said court for a writ in the nature of ne exeat, by which writ the sheriff of Larimer county, defendant in the instant case, was directed to apprehend said Robert R. Hicks, and to hold him in custody unless he gave a bond in the sum of one thousand dollars or was "released by order of court." Said defendant took Robert R. Hicks into custody, and on the same day that he served the ne exeat writ the Judge who ordered its issuance directed said defendant to produce Robert R. Hicks in court,

which defendant did. It appears from the record that Hicks, through his counsel, applied to the trial Judge for a writ of habeas corpus, and that a hearing thereon was had on the same day Hicks was taken into custody. At this hearing, and in the presence of counsel for plaintiff, the trial judge released Hicks. Plaintiff then appealed to this court from the order last mentioned and the same was reversed in *Struble v. Hicks,* 123 Colo. 16, 224 P. (2d) 932. Meanwhile Hicks departed the State of Colorado.

In *Struble v. Hicks,* supra, we said: "From the foregoing, it is to be understood that the defendant in error was legally in the custody of the sheriff under a writ good on its face, and to be discharged and released therefrom by the court was error, doubly so under the abortive attempt at a habeas corpus proceeding. Since the rights of complainant were thereby prejudiced, it is only just and according to law, that we reverse the judgment and remand the cause with directions that the judgment of the district court ordering plaintiff in error sheriff to release defendant in error, be set aside and held for naught, and the judgment of dismissal be declared void."

This case was decided November 6, 1950. On December 14, 1950 plaintiff filed the instant action against the sheriff. The allegations of her complaint in which she sought $3,500.00 damages, were predicated on her claim that there had been a voluntary or negligent escape of Hicks. Summons was issued on the same day the complaint was filed, but service thereof was not made upon defendants until August, 1951.

Defendant, by answer, set up several defenses, to wit: Insufficiency of the complaint to state a cause of action; abandonment of the case; estoppel; an order of the district judge directing the discharge of the said Hicks as appeared in *Struble v. Hicks,* supra; the six-months statute of limitations, and a failure to show any damage on the part of plaintiff by reason of the release of Hicks.

Plaintiff and defendants filed separate motions for summary judgment and defendants' motions were granted. The action was dismissed and from the judgment of dismissal plaintiff prosecutes this writ of error.

The writ of ne exeat provided that Hicks "be committed to jail until such security is given, *or he is released by order of the court.*" (Emphasis supplied.)

█ The order of the trial judge dismissing defendant and ordering his release under the writ of ne exeat was reversed by this court, but while it stood of record and until it was reversed it was effective so far as the public officer was concerned, who was in duty bound to obey the orders and directions of his superior under whose order he had apprehended Hicks. The trial court entered the order for the release of Hicks, and defendant abided thereby. Because he obeyed the order of the Judge, and the very terms of the ne exeat writ, he cannot be held liable under any theory of "negligent escape" or "voluntary escape." Plaintiff's complaint asserted that the defendant "legally knew" that the presiding judge had no jurisdiction to give the order releasing Hicks and that he "legally knew" that said order was null and void, and that he "legally knew" that the ne exeat writ was legal, valid and binding, and that "he was legally bound to retain Hicks as commanded in the writ until the bond was provided."

█ The sheriff is "an executive officer, whose sole duty is to execute, and not to decide on the truth or sufficiency of the processes committed to him for service." 24 R.C.L. 912. He is an officer of the court, charged with the duty of carrying out the orders and decrees of the court. Section 105, chapter 45, '35 C.S.A. Sheriffs are not required to be learned in the law and when, as here, the sheriff obeys the order of the judge, he is not liable for so doing. *Aetna Insurance Co. v. Blumenthal,* 129 Conn. 545, 29 A (2d) 751. The officer is protected because it would be inequitable and unjust to hold him responsible for acts of others over whom he

has no control and for defects of which he had no notice. To hold otherwise would mean that the officer must act at his peril or delay until he has had an opportunity to search out legal niceties of procedure or substantive law. This, Sheriff Barger, was not required to do.

Under the uncontroverted facts as disclosed by the pleadings and the affidavits filed in support of the motions for summary judgment, the decision of the trial court was correct, because the defendant acted pursuant to the order of the court and was not required to challenge the same or take a position hostile to the judge.

Such being our conclusion, we need not notice the other defenses interposed, which in this record are not factually disputed.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE STONE and MR. JUSTICE BRADFIELD not participating.