181 So.2d 518

**William Patrick SULLIVAN**

v.

**STATE.**

**1 Div. 84.**

Court of Appeals of Alabama.

Dec. 21, 1965

Samuel L. Stockman, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Petitioner was in custody of the Sheriff of Mobile County under arrest by a warrant of extradition from the Governor of Alabama, and petitioned the Circuit Court of Mobile County for writ of habeas corpus. From an adverse order he brings this appeal.

The rendition warrant issued by the Governor of Alabama, the requisition of the Governor of California together with the supporting papers were introduced in evidence by the State. These documents appear in the record and from our examination of them we find that they contain the recitals required by law. Tit. 15, Secs. 52, 54, Code of Alabama, 1940; Kelley v. State, 30 Ala.App. 21, 200 So. 115; Pool v. State, 16 Ala.App. 410, 78 So. 407. These papers made out a prima facie case for the legal detention of the petitioner. State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; State v. Parrish, 242 Ala. 7, 5 So.2d 828.

No further evidence was presented by the State or the petitioner.

Petitioner was not represented by counsel at the proceedings in the circuit court, but is represented by court-appointed counsel on this appeal.

Petitioner contends that his statutory and constitutional rights were violated in that (1) he was not informed of his right to demand counsel as required by Tit. 15, Sec. 57, Code of Alabama 1940, and (2) the court did not appoint counsel to represent him. Tit. 15, Sec. 57, supra, reads:

"Accused may apply for writ of habeas corpus.—No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he has been informed of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand legal counsel; and if the prisoner, his friends, or counsel shall state that he or they desire to test the legality of his arrest, the prisoner shall be taken forthwith before a judge of a court of record in this state, who shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. And when such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the public prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."

There is nothing in the record to show that petitioner was not informed of his right to demand counsel, nor does it appear that petitioner demanded counsel at any stage in the proceedings. The following conversation between the Solicitor, the

Court, and the petitioner at the hearing on the petition appears in the record:

"THE PETITIONER: I had an Attorney, sir, that was supposed to be here this morning, but due to—

"THE COURT:—Circumstances beyond his control.

\* \* \* \* \* \*

"THE COURT: You are not entitled to an Attorney on a Petition for a Writ of Habeas Corpus, yet you had yourself an Attorney and I don't much want to decide his case today if he wants to try to get another Attorney.

"THE PETITIONER: I don't know the status of my attorney at the present time.

"MR. BOOTH: He is over there with you,—I thought I saw him over there yesterday evening.

"THE COURT: We are not hurting anybody but Mr. Sullivan, because he is the one that is staying in jail without getting any credit for it.

"THE PETITIONER: The part of the time doesn't bother me, sir. I will go on the next two years if I don't go back to California,—I don't want to go back to California, that's all. I will take it all the way to the State Supreme Court if I have to.

"MR. BOOTH: Well, I am going to ask that his Writ be denied and an order entered turning him over to them, and if he wants to appeal to the Supreme Court of Alabama, that's his business.

"THE PETITIONER: I feel like I should be given a hearing before the Governor signs my papers.

\* \* \* \* \* \*

"THE COURT: I believe I am going to recess this hearing until Monday, Mr. Booth, and if he can get himself another attorney, or make some other arrangements—

"THE PETITIONER: I have already paid this one attorney, and I am quite a ways from home, and I don't have any contacts here or any money—

"THE COURT: How did you select your attorney, Mr. Sullivan?

"THE PETITIONER: Through a recommendation of a friend. I had no idea at the time that he wouldn't be available at this hearing.

"THE COURT: You don't think my passing the case will give you any chance to get an attorney?

"THE PETITIONER: I doubt it very much.

"THE COURT: Alright, I will go ahead and deny your petition this morning, and let you get started on your appeal."

■ Tit. 15, Sec. 57, supra, gives a person under arrest for rendition to another state the right to be represented by legal counsel in a habeas corpus proceeding. This statute does not, however, expressly require that such person be represented by court-appointed counsel if he is unable to employ counsel.

We do not think that petitioner had had any constitutional right to counsel taken from him in this case. Act. No. 526, Acts of Alabama, 1963, does not apply to extradition.

■ It does not appear from the record before us that the petitioner desired the court to appoint counsel to represent him, and, in our opinion, the court did not abuse its discretion by failing to appoint counsel. We would reach the same conclusion had petitioner requested court-appointed counsel.

■ Further, under the facts of this case we conclude that petitioner cannot be heard to complain that he was not informed of his right to demand counsel. Petitioner informed the court that he had em-

**136**

ployed counsel to represent him at the hearing. This presents a clear inference that petitioner knew of his right to be represented by counsel. Further, the court on its own initiative indicated that it would grant a continuance in order that petitioner could obtain assistance of counsel. The court failed to grant the continuance only after the petitioner indicated that passing the case would not afford him an opportunity to obtain assistance of counsel. We think that there was a substantial compliance with Tit. 15, Sec. 57, supra.

This cause is due to be and the same is hereby

Affirmed.