## No. 25435

**Joseph Bernard Mora v. The District Court in and for the First Judicial District in and for the County of Jefferson, State of Colorado, and the Honorable Daniel Shannon, one of the Judges thereof**

(494 P.2d 596)

Decided March 6, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Mark F. Leonard, Deputy, Lee Belstock, Deputy, for petitioner.

A. L. Herrmann, Jr., District Attorney, First Judicial District, Nolan L. Brown, Assistant, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Petitioner, Mora, was arrested in Jefferson County by

virtue of a Governor's Warrant of the State of Colorado directing arrest of the petitioner as a fugitive from the State of California. C.R.S. 1963, 60-1-7. The petitioner declined to waive extradition and through the Public Defender's office, he filed a writ of habeas corpus pursuant to C.R.S. 1963, 60-1-10.

The Assistant District Attorney, appearing as counsel for respondents, made an oral motion challenging the authority of the office of the Public Defender to represent the petitioner, and the authority of the court to appoint either the Public Defender or private counsel with the use of public funds to represent the petitioner.

The challenge was made on the grounds that an indigent petitioner in habeas corpus proceedings has no constitutional or statutory right to have counsel appointed to represent him, and the offiee of the Public Defender has no authority to represent such petitioners. The court granted the motion and ordered the Public Defender to withdraw from the case.

 Petitioner is here seeking a stay and relief in the nature of mandamus to obtain court-appointed counsel. We issued a rule to show cause why the relief prayed for should not be granted. Petitioner makes numerous arguments based on due process, equal protection, and the extradition statute of Colorado. Since we conclude that the extradition statute provides for counsel in proceedings to resist extradition, we need not discuss the petitioner's constitutional arguments in detail. However, we should note that despite a common law tradition and a constitutional tradition which treat habeas corpus as a civil matter and as a matter to which criminal due process safeguards do not attach, we are of the opinion that this tradition does not comport with recent developments in the constitutional law. In *Smith v. Bennett,* 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, the United States Supreme Court rejected out-of-hand arguments that since habeas corpus was a civil proceeding, filing fees did not constitute a denial of criminal due process to the poor. Although that case did not discuss the right to counsel and although that case might perhaps be viewed somewhat differently in light of *Boddie v.*

*Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113, we understand that case to say that the administration of criminal procedural safeguards must look beyond form to substance.

Similarly, in *In re Gault,* 387 U.W. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, the United States Supreme Court held that juvenile delinquency proceedings, despite a civil label, required criminal procedural safeguards. It is noteworthy that both *Gault* and *Bennett* looked beyond form to a substance which involved the incarceration of an individual. In *Canon City v. Merris,* 137 Colo. 169, 323 P.2d 614, this court similarly looked beyond labels to the substance of incarceration. Indeed, our legislature in establishing the Public Defender's office looked to the fact of incarceration and provided for court-appointed counsel in juvenile delinquency proceedings, in civil commitment and similar proceedings, and in Municipal Code violation cases (1969 Perm. Supp., C.R.S. 1963, 39-21-3(2)(a) all of which historically were civil in nature, but with criminal sanctions.

It is apparent on the federal constitutional level and on the state level, both as a matter of constitutional policy as expressed by this court and of legislative policy, that criminal safeguards attach regardless of the formal designation of a proceeding if the proceeding substantively involves incarceration or other criminal sanctions. The respondents and at least one jurisdiction, *Roberts v. Hocker,* 85 Nev. 390, 456 P.2d 425, contend that these safeguards are not required in extradition proceedings since it does not directly involve the guilt determination process. This argument does not sway us. Although the Colorado trial court is not concerned with the guilt issue, it is concerned with substantive and procedural requirements in rendition proceedings, the observance of which governs the validity of the deprivation of liberty.

On a more explicit level, the extradition statute itself provides that a person arrested upon a governor's warrant shall "first be taken. . . before a judge of a court of record in this state, who shall inform him of the demand made for surrender and the crime with which he is charged, and that he

has *the right to demand and procure legal counsel.* (Emphasis added.) C.R.S. 1963, 60-1-10. This language originates in the Uniform Criminal Extradition Act and accordingly, nearly identical language appears in the statutes of numerous of our sister states. We are aware of four cases which construe the exact question here presented. One of those cases, *Roberts v. Hocker, supra,* concludes that the right to demand and procure legal counsel simply establishes the privilege to have counsel present in a habeas corpus proceeding. The other three, *People ex rel. Harris v. Ogilvie,* 35 Ill.2d 512, 221 N.E.2d 265; *Ex Parte Turner,* 410 S.W.2d 639 (Tex.Cr.App.); and *People v. Braziel,* 17 Mich.App. 411, 169 N.W.2d 513, all conclude that this language establishes a right to the presence of legal counsel and that the 14th Amendment prohibits the denial of this right to indigents, when it has been made available to those able to afford counsel. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. *Accord: American Bar Association Standards of Criminal Justice Relating to Providing Defense Services,* § 4.2.

We adopt the reasoning and the statutory construction of the three cases, *People v. Ogilvie, supra; Ex Parte Turner, supra; People v. Braziel, supra,* which conclude that persons in the petitioner's position have a right to legal counsel.

The rule is made absolute and the trial court is directed to appoint counsel if it finds that petitioner is indigent.

MR. JUSTICE LEE not participating.