## No. 27252

### The People of the State of Colorado v. Mark Arthur Pitcher

(557 P.2d 395)

Decided December 6, 1976.

Dale Tooley, District Attorney, Thomas P. Casey, Chief Appellate Deputy, for plaintiff-appellant.

No appearance entered on behalf of the defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

■  Pursuant to section 16-12-102, C.R.S. 1973, the district attorney has appealed the dismissal of an extradition proceeding. The trial court ordered the dismissal on the basis of a petition for habeas corpus which was filed in the extradition proceeding. We reverse and remand with directions to reinstate the extradition proceeding.

The defendant, Mark Arthur Pitcher, was charged in the superior court of Orange County, California, with felonies as a result of a one-car automobile collision in which his passenger was killed. The prosecution asserted that the defendant lost control of his automobile and caused the collision to occur by driving his automobile at an excessive rate of speed while he was intoxicated.

After the defendant refused extradition, documents were filed pursuant to the requirements set out in the Uniform Extradition Act. Section 16-19-104, C.R.S. 1973. *See Wood v. Leach*, 189 Colo. 361, 540 P.2d 1084 (1975). In a petition for habeas corpus filed in the extradition case, the defendant questioned the sufficiency of the charging documents. Thereafter, the trial court held a hearing on the petition and discharged the defendant.

■  The errors which occurred pyramided and force us to restate well-established law to avoid repetition of the mistakes that are before us in this case. First, as we said in *Struble v. Hicks*, 123 Colo. 16, 224 P.2d 932 (1950):

"Final determination of a habeas corpus proceeding is not to be had on the petition. It can only be had on the answer and return to the writ after which the petition is *functus officio*. . . ."

*Accord, McNamara v. People*, 159 Colo. 139, 410 P.2d 517 (1966).

■  Second, a habeas corpus proceeding is civil in nature and is conducted for the purpose of determining whether a person in custody is lawfully detained. *North v. Koch*, 169 Colo. 508, 457 P.2d 915 (1969). A habeas corpus proceeding is not filed as part of an extradition proceeding, but is filed as an independent civil action. *People v. Lent*, 187 Colo. 248, 529 P.2d 1317 (1975).

Accordingly, we reverse and remand with directions that the extradition proceedings be reinstated and for further proceedings not inconsistent with the views expressed herein.