Ms. Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street Denver, Colorado 80203
Dear Ms. Herzmark:
This opinion letter is in response to your letter of May 14, 1980, in which you requested an opinion interpreting the Colorado statutes concerning mileage fees to be collected by county sheriffs when an attempt to serve process is unsuccessful.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents this question:
Are mileage fees and expenses incurred by a county sheriff in an unsuccessful service attempt properly chargeable and collectible against those persons requiring such service?
 My conclusion is "yes." It is my opinion that, because the sheriff is charged by statute with the duty to serve and execute all processes, writs, and orders issued by a lawful authority, he is entitled to collect mileage and traveling fees and expenses in the attempted performance of those official duties, even if such attempts prove unsuccessful.
ANALYSIS
County sheriffs are executive officers of the courts of law in this state, Struble v. Barger, 128 Colo. 188, 261 P.2d 497
(1953), and are charged by statute with the duty to "serve and execute, according to law, all processes, writs, precepts, and orders issued or made by lawful authority and to him directed. . ." C.R.S. 1973, 30-10-515. Two statutes speak to the mileage and traveling expenses to be charged and collected by the sheriff in carrying out his statutory duties. Section30-1-104(1)(h) (Cum. Supp. 1979) allows the sheriff to collect mileage fees "for each mile actually and necessarily traveled in serving each writ, subpoena, or other process." Section 30-2-107 (1979 Cum. Supp.) requires that sheriffs be allowed actual traveling expenses accrued "in the performance of . . . official duties." Normally those expenses are payable out of the county general fund. However, when the sheriff is required to serve "executions, writs of attachment, replevins, restitutions, and other processes," the actual expenses incurred by the sheriff "shall be paid by the parties requiring such service."Id.
Because county sheriffs are charged by statute to serve writs of process, there can be no question that an attempt to effect such service, successful or not, qualifies as an act "in the performance of . . . official duties" under section 30-2-107. Thus, the conclusion is inescapable that the general assembly intended by this statute for county sheriffs to charge and collect fees for unsuccessful service attempts, just as they are required to charge and collect for successful service attempts.
SUMMARY
To summarize my opinion, county sheriffs may charge and collect mileage fees and traveling expenses for unsuccessful attempts to serve process from the parties requiring such service.
Very truly yours,
 J.D. MacFARLANE Attorney General
EXPENSES TRAVEL SHERIFFS COUNTY OFFICERS AND EMPLOYEES
C.R.S. 1973, 30-1-104(1)(h) (Cum. Supp. 1979) C.R.S. 1973, 30-2-107 (Cum. Supp. 1979) C.R.S. 1973, 30-10-515
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
County sheriffs may charge and collect mileage fees and traveling expenses for unsuccessful service attempts.