Dr. James G. Ricketts, Ph.D Executive Director Colorado Department of Corrections 6385 North Academy Blvd. Colorado Springs, CO 80907
Dear Dr. Ricketts:
This opinion letter is in response to your letter, received by this office on December 22, 1980, in which you inquired about the public defender's responsibility to provide legal services to indigent inmates.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
a. Whether the state public defender is obligated to provide legal representation to indigent inmates in criminal matters?
 My conclusion is "yes." It is my opinion that the public defender by statute is required to represent all persons, whether incarcerated or not, who are indigent and charged with criminal offenses.
b. Whether the state public defender is obligated to provide legal services to indigent inmates who wish to prosecute or defend civil claims.
 My conclusion is a qualified "yes." The state public defender is authorized to represent indigent inmates in prosecuting civil claims against the State of Colorado which arise from the inmates' incarceration, habeas corpus petitions, and civil rights claims.
ANALYSIS
c. The Colorado General Assembly has declared that "the state public defender . . . shall provide legal services to indigent persons accused of crime . . ." C.R.S. 1973, 21-1-101(1) (Supp. 1980). It has also declared that the state public defender shall represent as counsel, without charge each indigent person under arrest for or charged with committing either a felony or misdemeanor. C.R.S. 1973, 21-1-103(1), (2). C.R.S. 1973,21-1-104(1) sets forth the duties of the public defender:
 When representing an indigent person, the state public defender shall:
 (a) Counsel and defend him, whether he is held in custody, filed on as a delinquent, or charged with a criminal offense or municipal code violation at every stage of the proceedings following arrest, detention, or service of process; and
 (b) Prosecute any appeals or other remedies before or after conviction that he considers to be in the interest of justice.
From these statutes it is clear that the public defender has a duty to represent indigent persons in criminal matters. This is qualified only to the extent that C.R.S. 1973, 21-1-104(2) allows the state public defender discretion in the area of prosecuting appeals or other remedies depending upon his assessment of the arguable merits of the proceedings.
d. In my opinion to you dated December 5, 1980, I addressed the problem of the state's responsibility for providing inmates adequate "access to the courts" which was primarily based on the authority of Bounds v. Smith, 430 U.S. 817 (1977), andRamos v. Lamm, 639 F.2d 559 (10th Cir. 1980). Both these cases set forth alternatives as to how the states may provide this required "access" but clearly indicate a preference for the establishment of a legal service plan provided by a public defender or legal service office. SeeBounds v. Smith, supra, 430 U.S. at 831.
The statutes generally governing the Colorado state public defender appear in title 21 of the Colorado Revised Statutes. C.R.S. 1973, 21-1-103, sets forth the representational responsibilities of the Office of State Public Defender:
 (1) The state public defender shall represent as counsel, without charge, each indigent person who is under arrest for or charged with committing a felony if:
(a) The defendant requests it; or
 (b) The court, on its own motion or otherwise, so orders and the defendant does not affirmatively reject, of record, the opportunity to be represented by legal counsel in the proceeding.
 (2) The state public defender shall represent
indigent persons charged in any court with crimes which constitute misdemeanors; juveniles upon whom a delinquency petition is filed or who are in any way restrained by court order, process, or otherwise; persons held in any institution against their will by process or otherwise for the treatment of any disease or disorder or confined for the protection of the public; and such persons charged with municipal code violations as the public defender in his discretion may determine, subject to review by the court if:
 (a) The indigent person, or his parent or legal guardian, in delinquency or other actions under article 1 of title 19, C.R.S. 1973, requests it; or
 (b) The court, on its own motion or otherwise, so orders or requests and the defendant, or his parent or legal guardian, in delinquency or other actions under article 1 of title 19, C.R.S. 1973, does not affirmatively reject, of record, the opportunity to be represented by legal counsel in the proceeding.
 (3) The determination of indigency shall be made by the state public defender, subject to review by the court.
(emphasis added).
The underscored provision, particularly when read in the context of the rest of C.R.S. 1973, 21-1-103, clearly indicates that the Colorado Legislature authorized the public defender to provide civil legal representation to indigent inmates in addition to criminal representation to indigent persons accused of crimes.
See also Mora v. District Court in and for theFirst Judicial District, 177 Colo. 381, 494 P.2d 596, 597
(1972) (recognizing the authority of the public defender to represent indigents in civil proceedings where a person's liberty is at stake or where there is express statutory authorization to do so).
Thus, it is my opinion that the public defender's office is authorized to provide such representation to the indigent inmate population. I am aware, however, that the public defender's office has never been funded to provide representation to inmates in civil matters and could not assume that responsibility without additional staff.
While other states which have established prisoners' legal assistance projects have authorized such projects to represent inmates in a wide range of civil matters (e.g., domestic, landlord tenant, child custody, suits by and against private individuals), it is my opinion that the law only requires the state assure adequate access to the courts in matters which directly stem from the inmate's incarceration, i.e., civil tort and contract claims against the state for damages arising out of incarceration, habeas corpus petitions attacking the legality of confinement, and civil rights claims alleging the deprivation of a constitutional right owed to an inmate.See Bounds v. Smith, supra,430 U.S. at 829, n. 17. The legislature, when considering the funding of such a project, may wish to expand the scope of legal assistance to be provided, but it is my opinion that the above described civil actions are the only ones to which the state has a constitutional duty to assure adequate access.
If the legislature chooses to meet the state's obligation to provide adequate access to the courts by means of a legal assistance project it could either appropriate additional funds to the public defender or it could create and fund or contract with another entity to provide such representation.
On January 16, 1981 your office was provided with copies of information related to prisoners legal assistance projects in other states, their structure, statutory authority and performance studies. These documents should prove helpful in developing a model proposal for Colorado.
SUMMARY
To briefly summarize my opinion, the state public defender is obligated to represent indigent persons in criminal matters (subject to some appellate and postconviction discretion) and presently has statutory authority (although additional funds have never been appropriated to execute that authority) to represent indigent inmates in prosecuting civil claims against the state, habeas corpus petitions and civil rights claims. With adequate funding the state's obligation to provide inmates with adequate access to the courts, could be met through the public defender's office or through some other legal assistance project created to provide representation to inmates in those civil matters mentioned above.
Very truly yours,
 J.D. MacFARLANE Attorney General
INDIGENTS INMATES DEFENDERS, PUBLIC
C.R.S. 1973, 21-1-101(1) C.R.S. 1973, 21-1-103(1) and (2) C.R.S. 1973, 21-1-104(1) and (2)
CORRECTIONS, DEPT. OF Administration JUDICIAL BRANCH Public Defender LEGISLATIVE BRANCH General Assembly
The public defender is obligated to represent indigent individuals in all criminal cases. The public defender is authorized to represent indigent inmates incarcerated in Colorado's penal system in prosecuting civil claims against the state which arise from the inmates' incarceration, habeas corpus petitions and civil rights claims.