652 P.2d 1065 (1982)
Lee DENBOW, Petitioner,
v.
The DISTRICT COURT In and For the TWENTY-FIRST JUDICIAL DISTRICT, and James J. Carter, One of the Judges Thereof, Respondents.
No. 82SA254.
Supreme Court of Colorado.
October 25, 1982.
J. Gregory Walta, Colorado State Public Defender, Denver, Harvey M. Palefsky, Deputy State Public Defender, Grand Junction, for petitioner.
No appearance for respondents.
DUBOFSKY, Justice.
In this original proceeding, we issued a rule to show cause why the respondent district court's order denying petitioner Lee Denbow's motion to proceed on appeal in forma pauperis, for a free transcript of habeas corpus proceedings and for appointment of appellate counsel should not be vacated. We now make the rule absolute.
Denbow was arrested in Mesa County, Colorado, on September 29, 1981, and held for extradition to Florida. The respondent district court denied Denbow's subsequent petition for a writ of habeas corpus and Denbow filed a timely notice of appeal. Thereafter, Denbow filed a motion to proceed on appeal in forma pauperis, for a free transcript and for appointment of counsel, along with an affidavit of indigency. The respondent district court denied the motion *1066 without opinion on March 25, 1982. Pursuant to our limited authority under C.A.R. 12(b), we considered only the denial of the motion to proceed in forma pauperis and ordered on April 6, 1982, that Denbow be permitted to appeal in forma pauperis. Denbow then brought this original proceeding challenging the district court's order denying him appointed counsel and a free copy of the transcript. We reverse the district court's order and direct the respondent court to grant Denbow's request for a free transcript and appointment of counsel.
Although a petition for a writ of habeas corpus is filed not in the underlying criminal extradition proceedings but as an independent civil action, People v. Pitcher, 192 Colo. 195, 557 P.2d 395 (1976), it is important to look beyond form to the substance of proceedings which involve the incarceration of an individual. Canon City v. Merris, 137 Colo. 169, 323 P.2d 614 (1958). In Mora v. District Court, 177 Colo. 381, 384, 494 P.2d 596, 597 (1972), we held that because an extradition proceeding "substantively involves incarceration or other criminal sanctions," criminal procedural safeguards attach regardless of the formal designation of the proceeding as civil. Thus, we concluded that indigents have a right to appointed counsel in habeas corpus proceedings testing the validity of arrest on an extradition warrant.
The holding in Mora was based upon the Uniform Criminal Extradition Act, which provides that a person arrested on an extradition warrant "has the right to demand and procure legal counsel" prior to extradition.[1] We held that this right could not be denied to indigents and noted that the courts of Iowa, Illinois, and Michigan had reached the same result in construing identical language from the Uniform Act. Id. at 385, 494 P.2d at 597.
Here, Denbow seeks the assistance of counsel and a transcript in preparing an appeal as of right from the denial of his petition for a writ of habeas corpus. Because such an appeal is concerned with criminal law issues and because, as we discuss below, extradition involves "a significant restraint on liberty," the appeal of the denial of the writ in an extradition proceeding is, in essence, a criminal appeal. The Fourteenth Amendment has long guaranteed indigents the right to appointed counsel and to a free copy of their trial transcript in criminal appeals as of right. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Mora relied in part on Griffin, which requires a free transcript in criminal appeals, as authority for an indigent's right to counsel at the habeas corpus hearing contesting extradition.
The United States Supreme Court, however, has not considered specifically whether there is a right to counsel at an extradition hearing, at a habeas corpus proceeding contesting extradition, or on appeal of a denial of such a writ. The Supreme Court's analysis of the Sixth Amendment right to counsel turns upon whether the criminal proceeding is at "a critical stage." The right to counsel exists at such critical stages as the preliminary hearing, Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and the post-indictment line-up, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The Supreme Court's statement in Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 *1067 L.Ed.2d 521 (1978) that "[i]nterstate extradition was intended to be a summary and mandatory executive proceeding" comes close to indicating its agreement with lower courts which have held that the extradition hearing is not a critical stage.[2]E.g., U.S. ex rel. Calhoun v. Twomey, 454 F.2d 326 (7th Cir.1971); Dunkin v. Lamb, 500 F.Supp. 184 (D.Nev.1980).
On the other hand, it is noteworthy that state courts which have held that there is no right to counsel at the extradition hearing have recognized a right to counsel and attach special importance to it when a prisoner subsequently seeks to contest the validity of his arrest for extradition at a habeas corpus proceeding. Utt v. Maryland, 293 Md. 271, 443 A.2d 582 (1982); Rutledge v. Preadmore, 21 Mich.App. 726, 176 N.W.2d 417 (1970), cert. denied, 401 U.S. 915, 91 S.Ct. 891, 27 L.Ed.2d 814 (1971). A concurring opinion in Doran, supra, described a prisoner's stake in the extradition process, which is protected by habeas corpus proceedings:
The extradition process involves an `extended restraint of liberty following arrest' even more severe than that accompanying detention within a single State. Extradition involves, at a minimum, administrative processing in both the asylum State and the demanding State, and forced transportation in between. It surely is a `significant restraint on liberty.'
Id. at 296, 99 S.Ct. at 539 (Blackmun, J. concurring). Here, as in Mora, we are concerned with "the observance of [substantive and procedural requirements] which [govern] the validity of the deprivation of liberty." Mora, supra, 177 Colo. at 384, 494 P.2d at 597. We conclude that where a person is indigent the right to appointed counsel and a free transcript for appellate review which is guaranteed by Douglas and Griffin extends to appeal of the denial of a writ of habeas corpus in extradition proceedings.
Therefore, we hold that the respondent court should have granted Denbow's motion to proceed on appeal in forma pauperis, for free transcript and for appointment of counsel.
The rule is made absolute.
NOTES
[1] C.R.S.1963, 60-1-10. The current version of this provision is section 16-19-111, C.R.S.1973 (1978 Repl.Vol. 8), which provides:

"Rights of accusedhabeas corpus. No person arrested upon such a warrant shall be delivered over to the agent whom the executive authority demanding him has appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel. If the prisoner or his counsel states that he or they desire to test the legality of his arrest, the judge of the court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the agent of the demanding state."
[2] Therefore, the federal constitutional grounds which this court relied on (without specifically citing the Sixth Amendment) in Mora may no longer be viable. However, Mora's basis for the right to counsel in Colorado's extradition statute has continued vitality.