SMITH, Judge.
Appellant appeals the denial of his petition for writ of habeas corpus challenging his extradition, contending that the trial court erred in denying him, an indigent, representation by court-appointed counsel. Based upon our conclusion that claimant was statutorily entitled to counsel pursuant to section 941.10(1), Florida Statutes (1989), we reverse and remand for further proceedings.
Appellant is presently serving two consecutive life sentences in Florida for kidnapping and sexual battery. On March 2, *1119 1989, North Carolina requested temporary custody of appellant under the Interstate Agreement on Detainers (IAD) Chapter 941, Part 2, sections 941.45-941.50, in order to try him on charges of kidnapping and a sexual offense in that state. Appellant filed a petition for habeas corpus attacking his extradition.
Initially, the public defender represented appellant in the proceedings below; however, the public defender was permitted to withdraw based upon his contention that Florida law does not require the public defender to represent persons in extradition hearings. Appellant was advised that he could retain private counsel, but he decided to represent himself and after inquiry, the court found him capable of self-representation. After viewing the “Request for Temporary Custody,” the trial court found it to be facially valid and found North Carolina entitled to obtain temporary custody of appellant to face charges pending there.
In this appeal, appellant contends that he was constitutionally entitled to court-appointed counsel based upon the Sixth Amendment to the United States Constitution, as well as the due process and equal protection clauses of the Fourteenth Amendment; and that he was statutorily entitled to counsel under section 941.10(1) of Florida’s extradition law, Chapter 941, Part 1, Uniform Interstate Extradition, sections 941.01-941.42, Florida Statutes (1989). We decline to reach the appellant’s constitutional arguments, because we find a statutory basis in section 941.10(1) for appointed counsel.
At the outset, it is necessary to explain why our decision is grounded upon section 941.10(1), which is encompassed within Florida's extradition law, when appellant’s transfer was sought under IAD, which as adopted in Florida does not require those having custody of the prisoner to advise him of his right to counsel. The IAD is further distinguishable because it makes no provision for preliminary extradition hearing or a habeas corpus hearing challenging extradition. However, in Cuyler v. Adams, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), the court recognized that Art. IV(d) of the IAD should be read as incorporating the procedural safeguards provided by section 10 of the Uniform Criminal Extradition Act (section 941.-10(1), Florida Statutes, in Florida). The court held that Article IV(d) preserves all the prisoner’s extradition rights under state or other law except his right, otherwise available under the Extradition Act, to oppose his transfer on the grounds that the sending State’s Governor had not explicitly approved the custody request.
Therefore, all that remains for this court to determine is whether the procedural safeguards afforded by Florida’s extradition law include the right to court-appointed counsel at the habeas corpus proceeding challenging extradition. Section 941.10(1) provides:
No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the state attorney for the county in which the arrest is made, and in which the accused is in custody, and to the said agent of the demanding state.
No Florida court has yet been asked to decide whether the right to counsel language contained in section 941.10(1) encompasses an indigent’s right to court-appointed counsel. Courts in other states are divided on this question. Compare Mora v. District Court in and for First Judicial District, 177 Colo. 381, 494 P.2d 596 (1972); Denbow v. District Court in and for Twenty-First Judicial District, 652 P.2d 1065 (Colo.1982); People v. Ogilvie, 35 *1120 Ill.2d 512, 221 N.E.2d 265 (1966); People v. Braziel, 17 Mich.App. 411, 169 N.W.2d 513 (1969); In re Turner, 410 S.W.2d 639 (Tex.Crim.App.1967) which recognize an indigent's right to counsel in the habeas corpus proceeding challenging extradition, with Roberts v. Hocker, 85 Nev. 390, 456 P.2d 425 (1969); and Sullivan v. State, 43 Ala.App. 133, 181 So.2d 518, 520 (1965) which find that indigents do not have a right to appointed counsel.
Upon examination of the cited cases, it is our view that the language of section 941.-10(1) which originated in the Uniform Criminal Extradition Act, gives a prisoner the right to legal counsel and that the Fourteenth Amendment prohibits the denial of this right to indigents, when it has been made available to those able to afford counsel. Mora, 494 P.2d at 597.
Finally, we observe in passing that appointment of the public defender to represent an indigent in a habeas corpus proceeding challenging extradition is not contrary to either section 27.51, Florida Statutes, or Florida Rule of Criminal Procedure 3.111. We do not think it can seriously be contended that appellant has not been faced with a possible loss of liberty, a circumstance which permits representation under section 27.51. State ex rel. Smith v. Jorandby, 498 So.2d 948 (Fla.1986); State ex rel. Smith v. Brummer, 443 So.2d 957 (Fla.1984). Rule 3.111(b)(2) expressly permits representation in extradition proceedings. Further, the public defender can be appointed to represent a defendant in a habeas corpus proceeding. Florida Parole and Probation Commission v. Alby, 400 So.2d 864 (Fla. 4th DCA 1981); and Graham v. Vann, 394 So.2d 176 (Fla. 1st DCA 1981).
For the reasons stated, we REVERSE and REMAND to the trial court for appointment of counsel and for further proceedings.
MINER, J., and WENTWORTH, Senior Judge, concur.